UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff/Respondent,

                                Case No. 16-20656
v.                               Honorable Paul D. Borman
                                Magistrate Judge Elizabeth A. Stafford
DIONDRE SMITH,

     Defendant/Petitioner.

_____/

**REPORT AND RECOMMENDATION TO DENY DIONDRE SMITH'S
(1) MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255; (2) MOTION FOR
RELEASE FROM CUSTODY; (3) MOTION TO EXPAND THE RECORD;
AND (4) MOTION FOR PROMPT DISPOSITION
[ECF NOS. 72, 84, 86, 93]**

## I.    Introduction

Diondre Smith, a federal prisoner proceeding *pro se*, moves to

vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [ECF No.

72].  He is serving a ten-year sentence of imprisonment following his guilty

plea on a charge of conspiracy to possess with intent to distribute five

kilograms or more of cocaine.  [ECF No. 46; ECF No. 61; ECF No. 67].

Smith requests an evidentiary hearing on his § 2255 motion.  [ECF No. 72,

PageID.249].  Smith also moves for release from custody pending

resolution of his § 2255 motion, to expand the record and for prompt

disposition.  [ECF No. 84; ECF No. 86; ECF No. 93].  The Honorable Paul D. Borman referred these motions to the undersigned [ECF No. 81; ECF No. 88; ECF No. 91; ECF No. 94], and the Court submits this report and recommendation on them.  28 U.S.C. § 636(b)(1)(B) (a district judge may designate a magistrate judge to make recommendations for disposition of "applications for posttrial relief made by individuals convicted of criminal offenses.").[1]

Smith presents five grounds for his motion under § 2255, four of which allege ineffective assistance of counsel: 1) his attorney, Kevin Bessant, misadvised him about the Speedy Trial Act; 2) Bessant and appellate counsel Stephen Ross Johnson failed to address Smith's alleged actual innocence of conspiracy; 3) Bessant failed to adequately investigate the prior state court convictions used to score his criminal history points; 4) Assistant U.S. Attorney C. Barrington Wilkins induced Smith to plead guilty by promising Smith that he was safety-valve eligible; and 5) Bessant failed to request a *Franks* hearing to challenge the complaint affidavit.  [ECF No. 72].

---

[1] Although some motions were referred for hearing and determination under § 636(b)(1)(A), [ECF No. 88; ECF No. 91; ECF No. 94] that subsection applies only to pretrial matters.  *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012).

The Court finds that these arguments and Smith's other motions to lack merit, and thus recommends that they be denied.

## II.    Analysis

### A.

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal quotation marks and citation omitted). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation marks and citation omitted).

The Sixth Amendment right to counsel and right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish

ineffective assistance of counsel, a defendant must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." *Id.* at 687.  To satisfy the first element, a defendant must establish that the attorney's representation "fell below an objective standard of reasonableness." *Id.* at 687-88.  Judicial scrutiny of an attorney's performance is "highly deferential"; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  For the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## B.

Before discussing the grounds in Smith's § 2255 motion, the Court will address his related requests.

### *Request for Evidentiary Hearing*

Smith has requested an evidentiary hearing.  In *Martin v. United States*, the court emphasized, "An evidentiary hearing [for a § 2255 petition] is required unless the record conclusively shows that the petitioner

4

is entitled to no relief."  889 F.3d 827, 832 (6th Cir. 2018) (citation and

quotation marks omitted).  The petitioner's burden for showing the right to

an evidentiary hearing is "relatively light," and is met when the petitioner

has raised a factual dispute with allegations that are not "contradicted by

the record, inherently incredible, or conclusions rather than statements of

fact."  *Id.* (citations and quotation marks omitted).

     As described below, Smith's allegations either are legally

unsustainable, are contradicted by the record or are conclusions rather

than factual statements.  The record conclusively refutes Smith's claims

that his attorneys acted ineffectively in a manner that undermines the

confidence in the outcome.  Thus, an evidentiary hearing is not warranted.

### *Motion for Release from Custody*

     Smith moves for release from custody pending resolution of his

§ 2255 motion.  [ECF No. 84].  A prisoner seeking release from bond

pending a § 2255 petition "must be able to show not only a substantial

claim of law based on the facts surrounding the petition but also the

existence of 'some circumstance making the [motion for bail] exceptional

and deserving of special treatment in the interests of justice.'"  *Dotson v.*

*Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citation and quotation marks

omitted).  For the reasons below, the Court finds that Smith's § 2255

motion lacks merit, so his motion for bond should be denied.

### *Motion to Expand Record*

In his motion to expand the record, Smith complains that the government's response to his § 2255 motion includes no affidavits from Bessant or Johnson.  [ECF No. 86].  Smith also requests that the Court order his attorneys to answer his interrogatories.  [*Id.*, PageID.430-436].

Rule 7 of the Rules Governing § 2255 Proceedings allows the Court to order the parties to expand the record, including with affidavits and interrogatories.  The decision of whether to expand the record falls within the discretion of the Court.  *Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008); *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).  In *Beuke*, the movant failed to show "how these documents would further any of his constitutional claims," so the court's refusal to expand the record was not an abuse of discretion.  537 F.3d at 653.

The same is true here.  Because the record shows that Smith's claims lack merit, as explained below, neither affidavits from Smith's prior attorneys nor their answers to the proffered interrogatories would further any of Smith's claims of ineffective assistance of counsel.

***Motion for Prompt Disposition***

Smith moves for prompt disposition of his § 2255 motion, alleging that he is housed in unsafe conditions because of the COVID-19 pandemic. [ECF No. 93]. The Court does not take lightly Smith's concerns about the pandemic. But because Smith's § 2255 motion lacks merit, his later filed motion for compassionate release under 18 U.S.C. § 3852(c)(1)(A)(i), [ECF No. 96], is the more appropriate avenue for addressing whether he should be released because of the pandemic.

**C.**

The Court will now address Smith's grounds for relief under § 2255.

***First Ground***

Smith's first ground for relief under § 2255 is that Bessant was ineffective when stipulating to adjourn his preliminary hearing. After Smith's initial appearance on July 29, 2016, Bessant stipulated to adjourn Smith's preliminary hearing from August 19, 2016 to September 23, 2016. [ECF No. 30]. Smith argues that Bessant's agreement to the stipulation was erroneous and was without Bessant's consent. Smith says that, had he been aware of his statutory rights under 18 U.S.C. §§ 3161(b) and 3162(a), he would have told Bessant to move to dismiss his complaint. [ECF No. 72, PageID.240-242]. According to Smith, his guilty plea was a

7

product of Bessant's ineffective assistance of counsel in agreeing to the stipulation.  [*Id.*, PageID.240].  This ground lacks merit because Smith can neither show a reasonable probability that the outcome of these proceeding would have been different if Bessant did not agree to adjourn the preliminary hearing, nor that Bessant's decision to agree to the stipulation was unreasonable.

It is true that the Speedy Trial Act requires that a defendant be charged with an information or indictment within 30 days of the defendant's arrest.  § 3161(b).  And if the defendant has not been charged with an information or indictment within that 30-day period, the "charge against that individual contained in such complaint shall be dismissed or otherwise dropped."  § 3162(a)(1).  But a dismissal under § 3162(a)(1) may be "with or without prejudice" depending on factors that include "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  *Id.*

Based on these factors, if Smith's complaint had been dismissed in August 2016 under § 3162(a)(1), the dismissal likely would have been without prejudice.  In general, drug trafficking is considered a serious crime. *See United States v. Reagan*, No. 3:07-CR-98, 2007 WL 3046349, at *4

8

(E.D. Tenn. Oct. 16, 2007).  Smith was charged with conspiracy to possess with intent to distribute *25 kilograms* of cocaine.  In addition, the speedy trial violation would have been for a short time period, and Smith would not have been unduly prejudiced.  There is no reasonable probability that the dismissal of Smith's complaint under § 3162(a)(1) would have been with prejudice.

And the government would not likely have waited for the complaint to be dismissed under § 3162(a)(1).  If Bessant had refused to stipulate to an adjournment, the government could have dismissed the complaint without prejudice under § 3161(d)(1), and that would have had "no impact upon the subsequent filing of an indictment; the time periods begin to run anew from the issuing of the subsequent indictment."  *United States v. May*, 771 F.2d 980, 983 (6th Cir. 1985); *see also United States v. Layne*, 23 F.3d 409 (6th Cir. 1994) (Table) (government's dismissal of complaint before the end of the 30-day period under § 3161(b) did not preclude later indictment on same charges).

Because there is little chance that the charges against Smith would have been dismissed with prejudice even if Bessant had not stipulated to an adjournment, Smith also fails to meet the first prong of the *Strickland* standard.  Bessant's refusal to stipulate to an adjournment would not have

9

helped Smith avoid prosecution, so Smith cannot show that Bessant made an error that was so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

In fact, Bessant opined in the stipulation that the adjournment was in Smith's best interest. The stipulation said that the parties needed more time "to investigate the facts of this case and to engage in plea negotiations." [ECF No. 30, PageID.61]. Bessant agreed with government counsel that failing to grant the adjournment would deny Smith "'the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.'" [*Id.*, PageID.62 (quoting § 3161(h)(7)(B)(iv))]. The Court finds that Bessant's agreement to the adjournment was within "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

### Second Ground

As a second ground, Smith asserts that Bessant failed to fully inform him of his available options when he pleaded guilty.

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available.

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003).  Smith

acknowledges that Bessant advised him of his sentencing exposure.  [ECF

No. 72, PageID.239].  But Smith argues that Bessant failed to inform him of

the elements of the conspiracy charge and how the evidence compared to

those elements.  [*Id.*, PageID.239, 242-244].

Along similar lines, Smith argues that Judge Borman violated his

obligation to inform Smith of the nature of the charge against him.  [*Id.*

(citing Fed. R. Crim. P. 11(b)(1)(G))].  Smith contends that Bessant was

ineffective because he failed to object to Judge Borman's error.  [*Id.*].  And

Smith faults Johnson for not raising Judge Borman's alleged violation of

Rule 11(b)(1)(G) on direct appeal.  [ECF No. 72, PageID.239, 242-244].

Smith's argument is not supported by the law or the record.   To be

found guilty of a drug conspiracy, the government had "to prove (1) an

agreement to violate the drug laws, (2) [Smith's] knowledge of this

agreement, and (3) that [Smith] knowingly joined this agreement."  *United

States v. McReynolds*, 964 F.3d 555, 562 (6th Cir. 2020).  Consistent with

these elements, Smith's plea agreement said that he:

1. knowingly, intentionally, and unlawfully,
2. enter[ed] into an agreement with one or more persons,
3. to possess with intent to distribute and to distribute,
4. five kilograms or more of a mixture of substance containing a
   detectable amount of cocaine, a Schedule II controlled

11

substance.

[ECF No. 46, PageID.93].  As a factual basis, the plea agreement said that

Smith knowingly and intentionally agreed to travel to a restaurant with his

co-defendants to receive 25 kilograms of cocaine.  [*Id.*, PageID.94].  Smith

signed the agreement.  [*Id.*, PageID.102].  At the plea hearing, Judge

Borman ensured that Smith understood the nature of the charge to which

he was pleading guilty.  [ECF No. 67, PageID.194].  Smith admitted that he

agreed with his co-defendants to pick up 25 kilograms of cocaine.  [*Id.*,

PageID.200-202, 205-206].

It is true that Smith first told Judge Borman, "What I did was I got in a

car with my father and, honest truth, he told me that we were going to get

cash."  [*Id.*, PageID.198].  But when questioned by Bessant, Smith admitted

that he had agreed with his co-defendants to pick up drugs on that day.

[*Id.*, PageID.200-202].  Smith changed his story again and denied that he

understood that the plan was to pick up 25 kilograms of cocaine.  [*Id.*,

PageID.203].  He then again told Judge Borman that he got out of the car

he was traveling in to get the cocaine.  [*Id.*, PageID.204].  Judge Borman

halted the record for 15 minutes so that Bessant could speak to Smith.

[*Id.*].  After the break, Smith said that he would continue the factual basis

for his guilty plea, and he admitted that he and his co-defendants had

planned to pick up 25 kilograms of cocaine.  [*Id.*, PageID.206].

"The fact that [Smith] initially had problems providing a sufficient factual basis for his plea does not mean that his plea was involuntary." *Tolbert v. Woods*, No. 2:11-CV-14759, 2013 WL 3213127, at \*5 (E.D. Mich. June 26, 2013); *see also United States v. Yingst*, 623 F. App'x 17, 19 (2d Cir. 2015) (finding a factual basis supporting a guilty plea even though the defendant "initially sought to minimize his culpability," but then "admitted his guilt when directly questioned by the Court").  Smith ultimately admitted to conspiring to purchase 25 kilograms of cocaine, and his mere denial of guilt now is not evidence of his innocence.  *Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996); *Mercurio v. Kowalski*, No. 17-11248, 2019 WL 6894393, at \*4 (E.D. Mich. Dec. 18, 2019).  The Court finds no support for Smith's arguments that Bessant's counsel about the conspiracy charge was ineffective or that Judge Borman failed to adequately inform Smith of the nature of that charge.  Thus, Smith's claim that Johnson's appellate counsel was ineffective in failing to raise Judge Borman's alleged error is also without merit.

### Third and Fourth Grounds

Smith's third ground for relief under § 2255 is that Bessant provided ineffective assistance of counsel by not effectively investigating his state

convictions.  [ECF No. 72, PageID.244-247].  Relatedly, Smith's fourth

ground alleges that Assistant U.S. Attorney C. Barrington Wilkins induced

Smith to plead guilty with a promise that he was "safety-valve" eligible,

meaning that Judge Borman could sentence Smith without regard to the

statutory mandatory minimum sentence of ten years.  [ECF No. 72,

PageID.248-249, referring to 18 U.S.C. § 3553(f) and U.S.S.G.

§ 5C1.2(a)(5)].  After Smith pleaded guilty, the presentence investigation

report concluded that he had two criminal history points and was thus

ineligible for the safety valve.[2]  [ECF No. 68, PageID.213].  The Court finds

that Smith has failed to show that to show that Bessant inadequately

investigated his state convictions or that a better investigation would have

changed the outcome, and Smith does not show that he pleaded guilty

based on Wilkin's promise that the safety valve would apply.  And though

Smith alleges that he was assessed two criminal history points in error, this

claim is contradicted by the record and the law, so an evidentiary hearing

on this issue is not warranted.

---

[2] *See* the government's appellee brief.  [6th Cir. Case No. 18-1889, Doc.
22, Page 16].

1.

The Court first addresses Smith's claim that Wilkins induced him to plead guilty with the promise that the safety valve would apply to Smith's sentencing.  [ECF No. 72, PageID.248-249].  The claim about Wilkins is unsustainable because Smith waived it.  As held by the Sixth Circuit, Smith agreed in his plea agreement to waive any challenges to his conviction or sentence "save for an ineffective-assistance claim."  *United States v. Smith*, 782 F. App'x 452, 453 (6th Cir. 2019).

The Court also finds that Smith's allegation that Wilkins' induced him with a false promise is untrue.  Smith cites *Santobello v. New York*, in which the original prosecutor promised to make no sentencing recommendation.  404 U.S. 257 (1975).  The Supreme Court held that the state violated the plea agreement when another prosecutor recommended at the sentencing hearing that the judge impose the maximum sentence of one-year.  *Id.*  The Court ruled, "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Id.* at 262.

Various courts interpreting *Santobello*, including the Sixth Circuit, have held that a plea agreement must be interpreted under the principles of

15

contract law, meaning that the government is held to the literal terms of the plea agreement. *Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004); *United States v. Ligon*, 937 F.3d 714, 718 (6th Cir. 2019). To determine whether a plea agreement has been breached, courts assess what the defendant reasonably understood when entering his plea of guilty. *Ligon*, 937 F.3d at 718.

Here, at the plea hearing, Wilkins described telling Smith that he would be safety-valve eligible. [ECF No. 67, PageID.192]. Wilkins said, "I made it clear that he understands he had the option of a 15-to-21-months result as opposed to a 121-month mandatory minimum." [*Id.*]. Smith's eligibility for safety-valve consideration depended on several conditions, including that Smith "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." § 5C1.2(a)(5). Wilkins said during the plea hearing that he had invited Smith to participate in a debriefing, but it was not yet done. [ECF No. 67, PageID.192]. Thus, Smith should have reasonably understood at the time of the plea hearing that his eligibility for the safety valve would depend on

16

future events.[3]

Under Rule 11(b)(1)(H) and (I), Judge Borman needed to inform Smith of the possible penalties he was facing, including any mandatory minimum prison sentences.  In discharging that obligation, Judge Borman advised Smith that, by statute, his mandatory minimum sentence was 120 months.  [ECF No. 67, PageID.195-196].  Judge Borman emphasized that "the statute is in stone.  I can't go less than 120." [*Id.*, PageID.196].  Smith said he understood.  [*Id.*].  Judge Borman then asked Smith, "Have I promised you any sentence other than what we've just put on the record." [*Id.*, PageID.197].  Smith replied, "No." [*Id.*].  Smith also denied that he had any "side deals" with Bessant or Wilkins leading Smith to believe that "something else is going to happen on the sentencing." [*Id.*, PageID.198].

Thus, even though Wilkins suggested that Smith would be safety-valve eligible after a debriefing, Smith pleaded guilty knowing that he faced a mandatory minimum sentence of ten years, and he denied that anyone had promised him anything less.  Based on this record, the Sixth Circuit

---

[3] On appeal, the government contended that Smith would not have qualified for the safety valve at the time of sentencing even if he did not have two criminal history points.  [6th Cir. Case No. 18-1889, Doc. 26, Pages 33-37].  It argued that he was disqualified from safety-valve consideration because he failed to provide complete and truthful information about the charged offense, as required under § 5C1.2(a).  [*Id.*].

held that Smith had knowingly and voluntarily entered a plea agreement that mandated a sentence of at least 120 months. *Smith*, 782 F. App'x at 453-454. Since the Sixth Circuit found that Smith made a knowing and voluntary guilty plea, his argument to the contrary in his § 2255 motion must be rejected. *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999) (finding that argument raised in § 2255 motion must fail when it was already rejected on direct appeal).

## 2.

The Court next addresses Smith's contention that Bessant provided ineffective assistance of counsel by not conducting a better investigation of his criminal history. Smith claims that a proper investigation would have revealed that he did not have two criminal history points and that he was therefore safety-valve eligible. Bessant's statements during the sentencing hearing contradict Smith's claim that Bessant's effort was inadequate. Bessant said that he had "done a lot of research over the past couple of months" about the safety valve issue and that he found that there was "really no wiggle room." [ECF No. 68, PageID.214]. Finding no wiggle room, neither Bessant nor Smith objected during the hearing to the presentence investigation report finding that Smith was ineligible for the safety valve because he had two criminal history points. [*Id.*, PageID.211-

215].

But on appeal, Johnson argued that the two criminal history points should not have been assessed.  [6th Cir. Case No. 18-1889, Doc. 22, Page 17-18].  Johnson obtained and submitted on appeal copies of two certifications of the dispositions of Smith's two misdemeanor cases.  [6th Cir. Case No. 18-1889, Docs. 21-2 and 21-3].[4]  After considering those certifications, Circuit Judge Karen Nelson Moore concurred with the majority decision to dismiss Smith's appeal, but she agreed with Johnson that it was "not at all clear that Smith's two convictions should have disqualified him from a sentence reduction under § 3553(f)."  *Smith*, 782 F. App'x at 455.  Judge Nelson said that neither the decision to dismiss Smith's appeal nor his plea agreement would preclude him from raising an ineffective-assistance-of-counsel claim under § 2255.  *Id.*

Smith adopts Johnson's arguments in his § 2255 motion and relies on the certifications of dispositions that Johnson submitted on appeal.  [ECF No. 72, PageID.286-291].  The Court finds that those records corroborate the presentence investigation finding that Smith had two criminal history

---

[4] Smith moved for the Court to take judicial notice of these state court records.  [ECF No. 71].  Although this motion was not referred to the undersigned, the Court treated the certifications of dispositions as being part of the record.

points—one each for two misdemeanor convictions.

A certification of disposition issued by Michigan's 52nd District Court says that Smith pleaded guilty to "disorderly person/conduct" and was sentenced to 18 months' probation in December 2007, though the plea was dated February 9, 2009.  [6th Cir. Case No. 18-1889, Docs. 21-2, Page 2]. An electronic print-out of the "district court system inquiry" shows that Smith was charged with domestic assault and battery, but that the charge was reduced to "disorderly person/conduct" and Smith pleaded no contest in November 2007.  [*Id.*, Pages 4-5].  The plea was taken under advisement and he was sentenced to 18 months' probation.  [*Id.*].  After probation violations, the court accepted a plea of guilt in February 2009.  [*Id.*, Pages 4-8].  Smith was discharged from probation without improvement in July 2009.  [*Id.*, Page 9].  This evidence corroborates the finding in the presentence investigation report that Smith's 2009 conviction caused one criminal history point.  U.S.S.G. § 4A1.2(c)(1) (sentences for misdemeanors are counted; U.S.S.G. § 4A1.1(c) (prior sentences for less than 60 days of imprisonment receive one point).

Smith argues that Bessant's investigation of his criminal history was ineffective because the certification of disposition was not enough to show that his 2009 conviction should result in a criminal history point.  This

argument is off the mark.  The certification of disposition is not the product of Bessant's investigation; Johnson obtained the certification and filed it on appeal.  The record is silent about what steps Bessant took to investigate Smith's 2009 conviction, so there is no evidence that he conducted an inadequate investigation.

The Court also rejects Smith's argument that the certification of disposition raises a question about whether the 2009 conviction should have led to a criminal history point.  Smith argues that the certification was inadequate because it did not specify a criminal code section, it included no charging or plea documents and it included no plea transcript.  [ECF No. 72, PageID.293-294].  He argues that the records showing that he was sentenced in February 2009 and discharged from probation in July 2009 contradict him being sentenced to 18 months of probation.  [*Id.*].  In *United States v. Carter*, the court rejected a similar attempt "to discredit the certified computer records because they present certain information in a truncated format."  591 F.3d 656, 660 (D.C. Cir. 2010).  The defendant in *Carter* "suggest[ed] the omission of the statute of conviction renders these records inadequate for certain determinations under the Guidelines."  *Id.* Disagreeing, the court said that "[i]dentification of the offense, the length of the sentence, and the recency of the sentence are usually sufficient to

21

assess criminal history points for a prior conviction." *Id.* (citing §§4A1.1(a)-(c), 4A1.2(c), (e)).[5] The certification of disposition for Smith's 2009 conviction satisfies these requirements.

The second certification of disposition Johnson submitted on appeal was also from the 52nd District Court, and it states that Smith was again charged in October 2012 with domestic assault and battery, and was sentenced to 24 months' probation in March 2013. [6th Circuit Case No. 18-1889, Doc. 21-3, Page 2]. The certification says that the case was dismissed in December 2017. [*Id.*]. A computer-generated "register of actions" attached to the certification shows that Smith pleaded guilty in March 2013 under M.C.L. § 769.4a of the Spouse Abuse Act. [*Id.*, Page 6]. That section allows a defendant charged with domestic violence to plead guilty but have the judgment of guilt deferred:

> When an individual who has not been convicted previously of an assaultive crime pleads guilty . . . the court, without entering a judgment of guilt and with the consent of the accused and of the prosecuting attorney in consultation with the victim, may defer further proceedings and place the accused on probation as provided in this section.

---

[5] The *Carter* court contrasted the evidence required for assessing criminal history points with the evidence needed for enhancing a sentence because of a prior crime of violence. *Carter*, 591 F.3d at 660. Because of this distinction, Smith reliance on case law addressing crime-of-violence sentencing enhancements is misguided. [ECF No. 72, PageID.291-292].

§ 769.4a(1).  If a defendant fulfills the terms and conditions of probation, "the court shall discharge the person and dismiss the proceedings against the person . . . without adjudication of guilt and is not a conviction." § 769.4a(5).

Smith was sentenced to 24 months' probation under § 769.4a, and a judgment of guilt was deferred.  [6th Circuit Case No. 18-1889, Doc. 21-3, Page 6].  The register of actions corroborates that the case was dismissed in December 2017 and Smith was released from probation with improvement.  [*Id.*, Page 14].  Smith characterizes this as amounting to an expungement.  [ECF No. 72, PageID.245].  Under the sentencing guidelines, expunged sentences are not counted.  § 4A1.2(j).

But the guidelines have a separate provision for diversionary dispositions: "A diversionary disposition resulting from a finding or admission of guilt . . . in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered."  § 4A1.2(f). In *United States v. Shor*, the Sixth Circuit found that a guilty plea under another Michigan diversion program, the Holmes Youthful Trainee Act (M.C.L. §§ 762.11-15), counted under § 4A1.1(c), even without a judgment of conviction.  549 F.3d 1075, 1077-78 (6th Cir. 2008).  The court said that a diversionary disposition resulting from a guilty plea does not equate to an

23

expungement; under § 4A1.2(j), "'expunged' means that the adjudication of guilt itself was vacated because of demonstrable innocence or legal error." *Id.* at 1078.  Here, Smith's guilty plea was not vacated because of demonstrable innocence or legal error.  Instead, he received a diversionary sentence after a guilty plea, which counts as a prior sentence under §§ 4A1.1(c) and 4A1.2(f).

Smith thus fails to show a reasonable probability that, if Bessant had conducted a better investigation of his criminal history, Smith would have avoided being assessed with two criminal history points.  In fact, the certifications of disposition Smith cites contradict his claim that there is a factual dispute that would warrant even an evidentiary hearing on this issue.

### *Fifth Ground*

Smith's last ground is that Bessant was ineffective because he failed to move for a *Franks* hearing to challenge the complaint affidavit.[6]  Smith does not specify any defects in the complaint affidavit.  [ECF No. 72, PageID.249-250].  And his argument is off the mark because *Franks* hearings are made as part of motions to suppress the fruits of search warrants, not to challenge the validity of complaint affidavits.  *United States*

---

[6] Referring to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

*v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008); *Houston v. Erdos*, No. 1:14-CV-956, 2016 WL 126896, at *21 (S.D. Ohio Jan. 12, 2016), *adopted*, 2016 WL 1127873 (S.D. Ohio Mar. 23, 2016).  Besides, Smith's conviction and sentence arose from an indictment.  [ECF No. 34].  He does not challenge the validity of the indictment.  Thus, even if Smith had grounds to challenge the complaint affidavit, he cannot show prejudice.

## III.    Conclusion

For these reasons, the Court **RECOMMENDS** that Diondre Smith's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; motion for release from custody; motion to expand the record; and motion for prompt disposition [ECF No. 72, ECF No. 84, ECF No. 86, ECF No. 93] all be **DENIED.**

Dated: October 20, 2020          s/Elizabeth A. Stafford
                                 ELIZABETH A. STAFFORD
                                 United States Magistrate Judge

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager