UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                    Case No. 16-cr-20656-2
                                      District Judge Paul D. Borman

DIONDRE SMITH,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE ELIZABETH STAFFORD'S REPORT AND RECOMMENDATION (R&R)**

    **1.**    **DENYING DEFENDANT DIONDRE SMITH'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

    **2.**    **DENYING DEFENDANT SMITH'S MOTION FOR RELEASE FROM CUSTODY**

    **3.**    **DENYING DEFENDANT SMITH'S MOTION TO EXPAND THIS RECORD**

    **4.**    **DENYING DEFENDANT SMITH'S MOTION FOR PROMPT DISPOSITION**

    **(ECF NOS. 72, 84, 86, 93)**

On October 20, 2020, Magistrate Judge Elizabeth Stafford issued the above-noted Report and Recommendation (R&R). (ECF No. 101.)

This Court had referred these Motions to Magistrate Judge Stafford pursuant to 28 U.S.C. § 636(b)(1)(B) to make recommendations for disposition of

1

"applications for post-trial relief made by individuals convicted of criminal offenses." (ECF Nos. 81, 88, 91, 94.)

On October 31, 2020, Defendant, proceeding *pro se* filed his "Report and Recommendation Written Objections, ECF No. 101." (ECF No. 103, at p. 1.)

Magistrate Judge Stafford noted:

> Smith presents five grounds for his Motion under § 2255, four of which allege ineffective assistance of counsel.
>
> (1) His attorney, Kevin Bassant, misadvised him about the Speedy Trial Act.
>
> (2) Bassant and appellate counsel, Steven Ross Johnson, failed to address Smith's alleged actual innocence of conspiracy.
>
> (3) Bassant failed to adequately investigate the prior state court convictions used to score his criminal history points.
>
> (4) Assistant U.S. Attorney C. Barrington Wilkens induced Smith to plead guilty by promising Smith that he was safety-valve eligible; and
>
> (5) Bassant failed to request a Franks hearing to challenge the complaint affidavit. (ECF No. 72.)
>
> The Court finds that these arguments and Smith's other Motions lack merit and thus recommend that they be denied.

(R&R, ECF No. 101, PageID 584-85.)

This Court has thoroughly examined Magistrate Judge Stafford's comprehensive R&R. This Court has also thoroughly examined Defendant Smith's Objections to Magistrate Judge Stafford's R&R.

This Court fully adopts Magistrate Judge Stafford's Report & Recommendation to deny Defendant's Motions.

The Court also concludes that Magistrate Judge Stafford was correct in concluding that an evidentiary hearing was not required in this matter. (ECF No. 101, PageID 587.)

Accordingly, the Court fully adopts Magistrate Judge Stafford's Report & Recommendation (R&R):

1. Denying Defendant Diondre Smith's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

2. Denying Defendant Smith's Motion for Release from Custody.

3. Denying Defendant Smith's Motion to Expand this Record.

4. Denying Defendant Smith's Motion for Prompt Disposition.

SO ORDERED.

DATED:  December 29, 2020          s/Paul D. Borman
                                   PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE